# SUPREME COURT OF THE UNITED STATES

## MICHAEL PINA *v.* ESTATE OF JACOB DOMINGUEZ

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 24–152.   Decided February 24, 2025

The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from the denial of certiorari.

To overcome qualified immunity, a party must show that an official violated a federal right that "was 'clearly established' at the time of [the] alleged misconduct." *Pearson* v. *Callahan*, 555 U. S. 223, 232 (2009). This requirement ensures that officials are not subject to the burdens of litigation or held liable for conduct without notice that such conduct is unlawful. See *Kisela* v. *Hughes*, 584 U. S. 100, 104 (2018) (*per curiam*); *Hope* v. *Pelzer*, 536 U. S. 730, 739 (2002). Needless to say, a judicial decision postdating an official's alleged misconduct is of no use in determining what was "clearly established" at the time. The courts below badly fumbled this basic tenet of our qualified-immunity doctrine by treating a later-in-time Circuit precedent as a basis for the existence of "clearly established law." I would grant the petitioner's request for summary reversal to correct this flagrant error.

In 2017, officers of the San Jose Police Department procured an arrest warrant for Jacob Dominguez, a suspect in an armed robbery of a gas station. Based on information from a confidential informant, officers believed Dominguez was armed with a revolver. Once the officers had found Dominguez in his vehicle, Officer Michael Pina ordered him to put his hands up. Dominguez complied, but he then "'quickly dropped his hands'" out of sight and "'moved forward.'" App. to Pet. for Cert. 43a. That led Officer Pina to

believe Dominguez was reaching for a firearm. And when Dominguez quickly leaned back, Officer Pina shot and killed him. The whole encounter lasted less than one minute.

Dominguez's estate sued Officer Pina under Rev. Stat. §1979, 42 U. S. C. §1983, and a jury found Officer Pina liable for excessive force in violation of the Fourth Amendment. The jury also returned a special interrogatory, answering "yes" to the question, "Did decedent Jacob Dominguez drop his hands and lean forward before Michael Pina fired his weapon?" App. to Pet. for Cert. 58a. Following trial, Officer Pina moved for judgment as a matter of law on qualified-immunity grounds, but the District Court denied his motion, anchoring its clearly-established-law inquiry in *Peck* v. *Montoya*, 51 F. 4th 877 (CA9 2022). See App. to Pet. for Cert. 47a–49a.

The Ninth Circuit affirmed in an unpublished decision. Like the District Court, the Ninth Circuit relied on its decision in *Peck*. It viewed that decision as providing sufficient evidence that Officer Pina "violated Dominguez's Fourth Amendment right under clearly established law" and was thus "not entitled to qualified immunity." App. to Pet. for Cert. 7a.

The lower courts made a serious misstep in their analysis. Even if it is assumed that controlling Circuit precedent may constitute clearly established law, *Peck*, a 2022 decision, was not the law in the Ninth Circuit when the events of this case unfolded in 2017. As such, *Peck*, "decided after the shooting at issue, is of no use in the clearly established inquiry." *City of Tahlequah* v. *Bond*, 595 U. S. 9, 13 (2021).

Perhaps realizing that reliance on *Peck* was anachronistic, the lower courts tried to backpedal. The District Court acknowledged that "*Peck* was decided after the events that occurred in our case," but it asserted that "*Peck* looked to *Cruz* v. *City of Anaheim*," a 2014 decision. App. to Pet. for Cert. 47a–48a (citing 765 F. 3d 1076 (CA9 2014)). And the

Ninth Circuit sneaked into a footnote of its unpublished decision the same suggestion that *Peck* merely identified "the law that *Cruz* clearly established." App. to Pet. for Cert. 7a, n. 1.

Those ham-fisted rescue efforts rest on a misreading of *Cruz*. If *Cruz* itself could serve as the basis for clearly established law, then the Ninth Circuit presumably could have cited it directly instead of shunting it to a footnote. But unsurprisingly, *Cruz* alone does not suffice. In that case, officers stopped an allegedly armed suspect in his vehicle and used deadly force when the suspect reached for his waistband. There, the Ninth Circuit held that "[i]t would be unquestionably reasonable for police to shoot a suspect . . . if he reaches for a gun in his waistband, or even if he reaches there for some other reason." 765 F. 3d, at 1078. In the lower courts' view, *Peck* simply restated *Cruz*'s conclusion "that officers may not fire at a suspect . . . absent some reason to believe that the suspect will soon access or use [a] weapon." 51 F. 4th, at 888. But that is not a mere gloss on *Cruz*. Rather, *Peck* narrowed *Cruz*'s holding by eliminating the suggestion that an officer's use of force may be reasonable if a suspect "reaches" for his waistband "for some other reason." *Cruz*, 765 F. 3d, at 1078. That alteration may very well have made a difference here.* Read in its proper light, *Peck* is not a restatement of the law set forth in *Cruz*. If *Peck* is removed from the picture, the lower courts would have failed to identify any clearly established law that Officer Pina allegedly violated.

———————

*Although the courts below did not directly rely on it as a basis of clearly established law, *Cruz* lends support to Officer Pina's use of force. To start, I am skeptical that the Ninth Circuit gave adequate weight to the jury's special interrogatory that Dominguez dropped his hands and leaned forward. Even assuming Dominguez was not reaching for a firearm as the Ninth Circuit assumed, App. to Pet. for Cert. 4a, the fact that he was reaching down "for some other reason" could certainly constitute the sort of furtive movement that justifies the use of force in a fast-moving police encounter, *Cruz* v. *Anaheim*, 765 F. 3d 1076, 1078 (2014).

\*          \*          \*

The decisions below made more than a trifling mistake. In the Fourth Amendment context, the clearly-established-law requirement provides essential notice at the "'hazy border between excessive and acceptable force.'" *Kisela*, 584 U. S., at 105 (quoting *Mullenix* v. *Luna*, 577 U. S. 7, 18 (2015) (*per curiam*)). But by holding an officer liable based on a judicial precedent issued after the events in question, the courts below ran roughshod over this key notice-bearing feature of our qualified-immunity jurisprudence.

I would summarily reverse the judgment below and reiterate a point that this Court has made time and again: a judicial decision can serve as a basis for clearly established law only if it predates the allegedly unlawful conduct. See *Bond*, 595 U. S., at 13; *Brosseau* v. *Haugen*, 543 U. S. 194, 198, 200, n. 4 (2004) (*per curiam*); *Kisela*, 584 U. S., at 104; *Ashcroft* v. *al-Kidd*, 563 U. S. 731, 741 (2011). The Court unfortunately fails to take that step, so I must respectfully dissent.